IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES E. KLINE, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | No.  4:07-cv-0932 |
| v. | : | |
| | : | Judge John E. Jones III |
| CITY OF SUNBURY, | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM

October 29, 2007

Plaintiff James Kline commenced this action against the Defendant City of

Sunbury with the filing of a complaint on May 23, 2007.[1]  Kline alleges that the

City's designation of his rental property as a "nuisance" violated his Fifth and

Fourteenth Amendment due process rights.  Kline also asserts state-law causes of

action for defamation, intentional infliction of emotional distress, and invasion of

privacy.  Kline seeks compensatory and punitive damages.  Currently before the

Court is the City's motion to dismiss pursuant to Federal Rule of Civil Procedure

12(b)(6).  (Doc. 3.)  For the reasons set forth below, the Court shall grant the City's

motion.

---

[1]  Kline filed his complaint pro se, but subsequently has been represented by counsel.
(*Compare* Compl., Doc. 1 at 5 *with* Answer to Mot., Doc. 8, at 4.)

1

## I.   STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Rule 12(b)(6), a court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims.*" Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).  A Rule 12(b)(6) motion should be granted "if it appears to a certainty that no relief could be granted under any set of facts which could be proved...[b]ut a court need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse*, 132 F.3d at 906.

## II.   BACKGROUND

The following facts are derived from Kline's complaint, the allegations of which are accepted as true for purposes of the current motion. *Id.*  The City has also submitted several exhibits in support of its motion.  (Doc. 5, Def.'s Appendix of Exhibits.)  Although a motion to dismiss under Rule 12(b)(6) "shall be treated as a motion for summary judgment" if the Court considers "matters outside the pleading," any "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, and items appearing in

the record of the case" may properly be considered by the Court without converting the motion to dismiss to one for summary judgment. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). The Court may also consider an "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document" since "[o]therwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Therefore, the Court will consider those of the City's exhibits referenced below, which are public records or which are integral to and form the basis of Kline's claims.

On August 9, 2004, the City entered a resolution adopting a policy of designating a property as a "nuisance property" if the property was the subject of more than three founded complaints to the police or Code Administration Office within a twelve-month period. (Compl. ¶ 14; Resolution of August 9, 2004, Def.'s Ex. 2.) The resolution did not define the terms "nuisance" or "founded" and did not provide for proceedings to allow a property owner to challenge or defend a designation of a "nuisance property." (Compl. ¶ 16.)

3

Kline owned real estate located at 1027 Keller Street in the City of Sunbury, which he operated as a rental unit.  (Compl. ¶¶ 5-6.)  On May 27, 2005, an employee of the City's Code Administration Office sent Kline a letter advising that the next time the office observed or investigated a complaint involving Kline's property, it would be forced to declare the property a nuisance property pursuant to the resolution.  (Compl. ¶ 17.)  On August 8, 2005, the City Council declared Kline's property a nuisance property.  (Compl. ¶ 18; City Council Minutes, Def.'s Ex. 1.)  The designation of Kline's property as a nuisance property was published in the Sunbury Daily Item and on WNEP Channel 16 television.  (Compl. ¶ 18.)  Kline maintains that, prior to August 8, 2005, he did not violate the City's property maintenance code or any other code or ordinance.  (Compl. ¶¶ 13, 24.)

On November 14, 2005 and November 28, 2005 Kline was issued citations for violations of the City's property maintenance code.  (Def.'s Ex. 3.)  Kline pleaded not guilty, and a hearing on both citations was scheduled before the Magisterial District Court for Northumberland County.  (*See* Def.'s Ex. 4 at 14-15, 20-21.)  Kline states that he is in fact a good landlord who properly maintained his property.  (Compl. ¶ 20.)

Kline alleges that the City's designation of his property as a nuisance

4

property violated the due process guarantees of the Fifth and Fourteenth Amendments.  (Compl., Count I.)  Kline also alleges that the City's actions constitute defamation, intentional infliction of emotional distress, and invasion of privacy.  (Compl., Count II.)  The City has moved to dismiss Kline's complaint for failure to state a claim upon which relief can be granted.[2]

## III.   DISCUSSION

### A.    Due Process

As an initial matter, to the extent that Kline intends to state a cause of action for violation of the Due Process Clause of the Fifth Amendment, his claim fails because "[t]he limitations of the fifth amendment restrict only federal governmental action," and the complaint alleges no federal action.  *Nguyen v. U.S. Catholic Conference*, 719 F.2d 52, 54 (3d Cir. 1983).  A § 1983 plaintiff may, however, allege that a municipality violated his due process rights secured by the Fourteenth Amendment.  The due process protection of the Fourteenth Amendment contains both a substantive and procedural component.  The Court will address each in turn.

### 1.    Procedural due process

---

[2] The City also initially moved to strike Kline's complaint for improper service.  (Doc. 3.)  Kline then filed (belatedly, *see* Local Rule 4.1) proof of service.  (Doc. 7.)  The City subsequently withdrew, without prejudice, its challenge to service.  (Doc. 11 at 1.)

The thrust of Kline's complaint is that the City designated his property a nuisance in violation of procedural due process.  In evaluating a procedural due process claim, a court must determine, first, whether the asserted individual interest is encompassed within the Fourteenth Amendment's protection of life, liberty, or property and, if so, whether the procedures available provided the plaintiff with due process of law. *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000).  "If there is no protected liberty or property interest, it is obviously unnecessary to analyze what procedures were followed when an alleged deprivation of an interest occurred." *Hayes v. Federal Bureau of Prisons*, Slip Copy, 2007 WL 2566288 at *3 (M.D. Pa. Aug. 31, 2007).[3]

In this case, Kline asserts a protected liberty interest in his reputation.  (Pl.'s Opp. at 2.)  Reputation alone is not an interest protected by the due process clause. *Paul v. Davis*, 424 U.S. 693, 712 (1976).  "Reputational harm can constitute a protected interest when coupled with an additional deprivation of a protected right or interest." *Baraka v. McGreevey*, 481 F.3d 187, 208 (3d Cir. 2007) (citing *Paul*, 424 U.S. at 711-12.)  Thus, under the "stigma-plus" test, a plaintiff must show a

---

[3] In fact, because determination of what process is due requires consideration of the individual interest at stake, *see Mathews v. Eldridge*, 424 U.S. 319, 334-35 (1976), such an analysis may not be possible where a protected interest is not at issue.

stigma to his reputation plus deprivation of some additional right or interest.[4]  *Hill v. Borough of Kutztown*, 455 F.3d 225, 236 (3d Cir. 2006).  The Third Circuit has described the stigma-plus test as a "formidable barrier."  *Clark v. Twp. of Falls*, 890 F.2d 611, 619 (3d Cir.1989).

Kline asserts that he suffered stigma to his reputation plus an alteration of status "from a law abiding citizen to a non-law abiding citizen who has created a detriment to the neighborhood and takes no pride in maintaining his property." (Pl.'s Opp. at 3.)  This "plus," however, is the same as Kline's alleged stigma. Kline has not asserted the deprivation of any tangible interest beyond harm to his reputation, and therefore, has not asserted an individual interest protected by procedural due process.  Kline's procedural due process claim shall be dismissed.

### 2.    Substantive due process

In addition to procedural due process protection, the Fourteenth Amendment covers a cover a substantive sphere as well, protecting certain fundamental rights protects from arbitrary or irrational deprivation, regardless of the adequacy of procedures used.  *County of Sacramento v. Lewis*, 523 U.S. 833, 840 (1998);

---

[4] The Third Circuit has noted "some confusion" over whether the "plus" must be a deprivation of an interest protected by due process, but has not decided this question.  *Baraka*, 481 F.3d at 208.  In the public employment context, however, the court has held that an employee  who is defamed in the course of being discharged satisfies the stigma-plus test even if, as a matter of state law, he lacks a property interest in the job he lost.  *Hill*, 455 F.3d at 238.

*Nicholas v. Pennsylvania State University*, 227 F.3d 133, 142 (3d Cir. 2000). To state a cause of action for violation of substantive due process, a plaintiff must show violation of a "fundamental" protected right, *Nicholas*, 227 F.3d at 140, through action that "shocks the conscience," *United Artists Theatre Cir., Inc. v. Twp. of Warrington*, 316 F.3d 392, 401 (3d Cir. 2003).

It is to us unclear whether Kline in fact intended to assert a substantive due process claim. In opposing the present motion, Kline does not address the City's argument regarding such a claim. To be thorough, however, it is clear that, to the extent he intended to assert such a claim, Kline has not stated a cause of action for violation of substantive due process. As discussed above, Kline has not asserted a liberty or property interest protected by procedural due process, let alone one of the few "fundamental" protected interests that meet the higher threshold for substantive due process protection.

In addition, even accepting all of his allegations as true, Kline has not alleged the kind of government action necessary to meet the "shocks the conscience" standard, which encompasses "only the most egregious official conduct." *United Artists*, 316 F.3d at 400 (quoting *Lewis*, 523 U.S. at 846); *see also Lewis*, 523 U.S. at 848, 849 (describing action which shocks the conscience as "conduct deliberately intended to injure in some way unjustifiable by any

8

government interest" and stating "the constitutional concept of conscience-
shocking duplicates no traditional category of common-law fault, but rather points
clearly away from liability, or clearly toward it, only at the ends of the tort law's
spectrum of culpability").  Kline's allegations are that, pursuant to its resolution
and after giving Kline warning, the City declared his property a "nuisance," when
in fact he is a good landlord who properly maintained his property.  The alleged
"shocking" action here does not even rise to the level of action that has been found
to not present a substantive due process violation.  *See, e.g., Eichenlaub v. Twp. of
Indiana*, 385 F.3d 274, 286 (3d Cir. 2004) (stating "the kind of disagreement that is
frequent in planning disputes" does not lead to a substantive due process violation
and finding the following actions are not "conscience shocking": applying
requirements to plaintiff's property not applied to other properties, making
unannounced and unnecessary inspections and enforcement actions, delaying
permits and approvals, improperly increasing tax assessments, and "malign[ing]
and muzzl[ing]" the plaintiffs); *Sameric Corp. of Delaware, Inc. v. City of
Philadelphia*, 142 F.3d 582 (3d Cir. 1998) (holding city did not violate substantive
due process by designating theater as historic building and denying owner permit
to demolish theater); *El Malik v. City of Philadelphia*, Slip Copy, 2007 WL 984455
at *6-7 (E.D. Pa. Mar. 26, 2007) (holding city's demolition of properties identified

9

as blighted in response to complaints received from the general public or at the

request of Philadelphia City Council members did not violate substantive due

process).  Kline has not stated a cause of action for violation of substantive due

process.

### B.     State Law Claims

Kline's complaint also requests that the Court exercise supplemental

jurisdiction over asserted state law claims for defamation, intentional infliction of

emotional distress, and invasion of privacy.  In opposition to the City's motion to

dismiss, however, Kline seems to have abandoned these claims.  (*See* Pl.'s Opp.,

Doc. 9 [addressing only procedural due process claim].)

The Court has discretion whether to exercise jurisdiction over Kline's state-

law claims pursuant to 28 U.S.C. § 1367(c)(3), which provides that "[t]he district

courts may decline to exercise supplemental jurisdiction over a claim...if...the

district court has dismissed all claims over which it has original jurisdiction."  In

exercising its discretion, the district court should weigh "considerations of judicial

economy, convenience, and fairness to litigants." *United Mine Workers v. Gibbs*,

383 U.S. 715, 726 (1966); *see also In re Paoli R.R. Yard PCB Litigation*, 35 F.3d

717, 737-38 (3d Cir. 1994).  Although, as noted, he appears to have abandoned

them, Court will dismiss Kline's state-law claims.  However, we will also address

the defects in these claims, which are evident from the face of the complaint.

First, under Pennsylvania law, the statute of limitations for Kline's claims of defamation and invasion of privacy is one year.  42 Pa. C.S. § 5523.  The last act giving rise to these claims occurred on August 8, 2005.  (Compl. ¶ 18.)  Kline did not file this action until May 23, 2007.  Kline's state-law defamation and invasion of privacy claims are thus time-barred.

In addition, Kline has failed to state a claim for intentional infliction of emotional distress.  Under Pennsylvania law, "[o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress."[5]  *Hoy v. Angelone*, 720 A.2d 745, 753 (Pa. 1998) (quoting Restatement (Second) of Torts §46(1) (1965)).  "The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.  Described another way, "it has not been enough that the defendant has acted with intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that this conduct has been characterized by malice, or a degree of aggravation that would entitle the

---

[5] The Pennsylvania Supreme Court has not expressly adopted the tort of intentional infliction of emotional distress, *see Hoy*, 720 A.2d at 753 n.10; however, Pennsylvania courts have described the elements of such a potential claim.

11

plaintiff to punitive damages for another tort." *Id.* at 754 (citations omitted). "[I]t is for the court to determine in the first instance whether the defendant's conduct may reasonably be regarded as so extreme and outrageous to permit recovery." *Johnson v. Caparelli*, 625 A.2d 668, 671-72 (Pa. Super. Ct. 1993).

In this case, Kline has not alleged anything close to the extreme and outrageous conduct that would give rise to a claim for intentional infliction of emotional distress. Kline's allegations that the City designated his property a "nuisance" without a factual basis for doing so does not rise to the level of the few types of conduct Pennsylvania courts have found to provide the basis for a claim for intentional infliction of emotional distress. *See, e.g.*, *Hoy*, 720 A.2d at 754 (collecting cases); *Johnson*, 625 A.2d at 672 (priest's sexual abuse of alter boy); *Field v. Philadelphia Elec. Co.*, 565 A.2d 1170, 1183-84 (Pa. Super. Ct. 1989) (defendant deliberately vented highly radioactive steam on plaintiff and attempted to conceal overexposure to radiation from the plaintiff); *and compare Sieger v. Twp. of Tinicum*, C.A. No. 89-5236, 1991 WL 197315 (E.D. Pa. Sept. 30, 1991) (municipal officer's issuing citations for abatement of nuisance without probable cause and testifying falsely at hearing on citations did not give rise to claim for intentional infliction of emotional distress). Accepting as true the allegations of Kline's complaint, the City's conduct is not so extreme and outrageous to permit

recovery under a cause of action for intentional infliction of emotional distress.

### C.      Punitive Damages

Because Kline's claims will be dismissed, he is, of course, not entitled to the punitive damages he seeks.  The Court further notes, however, that punitive damages may not be recovered against a municipality under Section 1983, *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981), or Pennsylvania law, *Feingold v. SEPTA*, 517 A.2d 1270, 1276-77 (Pa. 1986); *Twp. of Bensalem v. Press*, 501 A.2d 331, 337-38 (Pa. Super. Ct. 1985).

## IV.   CONCLUSION

For the foregoing reasons, Kline's complaint against the City of Sunbury shall be dismissed in its entirety.  An appropriate order shall enter.